# **EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRICK BANK CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>VALLEY NATIONAL BANK,<br><br>Defendant. | 13-cv-7756-MCA-MAH |

## FRCP 26(a)(2)(C) DISCLOSURE OF DAVID WATSON AS REBUTTAL EXPERT

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), Merrick Bank Corporation ("Merrick") discloses David Watson as a witness Merrick may use at trial to present evidence under Federal Rules of Evidence 702, 703 and 705.

### EXPECTED SUBJECT MATTER OF MR. WATSON'S TESTIMONY

Mr. Watson may testify as an expert in merchant acquiring to rebut or contradict the purported expert opinions of defendant Valley National Bank's ("VNB") retained experts, Jane Cloninger ("Cloninger") and Michael Carlo ("Carlo").[1]  Mr. Watson has worked in the credit card merchant acquiring business for over fifteen years, and based on his years of experience, Mr. Watson will testify regarding industry standard risk analysis in connection with both the underwriting and monitoring of high-risk, delayed delivery merchants.  Mr. Watson will testify that Merrick's underwriting and monitoring of the merchant Direct Air was consistent with applicable industry standards.

---

[1] Merrick reserves all rights and objections regarding the purported expert opinions of Cloninger and Carlo, including, but not limited to all objections to the relevance of their purported opinions, the lack of appropriate qualifications of the purported experts, and the extent to which the purported expert opinions attempt to usurp the role of the fact finder.

2503413_1

## SUMMARY OF THE FACTS AND OPINIONS TO WHICH MR. WATSON MAY TESTIFY

The facts and opinions to which Mr. Watson may to testify include the following:

- Risk analysis in the merchant acquiring business always involves judgment based on the specific merchant at issue and analysis of the relevant risk mitigants, including insurance, available to the bank to protect against potential chargeback losses for that merchant.

- Contrary to the opinions of Carlo and Cloninger, an acquiring bank need not be an expert in every industry in which it acts as a credit card acquiring bank for particular merchants, and this includes the charter airline industry. A bank such as Merrick, with a merchant acquiring program of over 100,000 merchants, cannot be expected to investigate individual merchant practices to determine their compliance with laws specifically applicable to individual merchants and the hundreds of industries in which they operate. Such investigation is not performed by acquirers in the normal course of their business. It would be unreasonably burdensome for acquirers to become experts in all of the industries in which their merchants participate or to hire numerous legal and audit firms to do so on their behalf.

- Acquiring banks establish merchant underwriting and monitoring procedures based on guidance from the credit card associations, specifically Visa, MasterCard and Discover (the "Associations"). Merrick's policies and procedures were consistent with the guidance provided by the credit card associations. Periodic audits of Merrick's merchant services department by the

Associations confirmed Merrick's policies and procedures were consistent with industry standards. *See e.g.* Merrick 0027552-27587; Merrick 0032011-32014.

- With respect to underwriting and monitoring of merchants, there was no specific guidance from the Associations specifically regarding the underwriting and monitoring of charter airlines subject to the DOT Regulations.

- Merrick's underwriting was consistent with its policies and procedures and industry practices. Specifically, if you compare the applicable merchant policy (*see* Deposition Ex. 66) with the Direct Air underwriting file (*see* Deposition Exhibit 67), Merrick's underwriting was appropriate.

- Contrary to the opinions of Carlo and Cloninger, it was in fact reasonable at the time of underwriting to rely on the requirements of the DOT Regulations, and the obligations of VNB to hold passenger funds in escrow until the passenger traveled as per the DOT Regulations and the Depository Agreement, as a key component of the underwriting risk analysis for Direct Air. It is consistent with acquiring industry standards to assume FDIC insured and regulated financial institutions will comply with federal regulations and their contractual obligations.

- Contrary to the opinions of Carlo and Cloninger, it is not consistent with industry standards for an acquiring bank to separately contract with its merchant's depository or escrow banks.

- With respect to the monitoring of Direct Air, Merrick's monitoring was consistent with its policies and procedures. Further, on-going risk monitoring involves judgment based on experience, and the weight given to data points is necessarily merchant dependent.

- Contrary to the opinions of Carlo and Cloninger, the weight afforded to Direct Air financials or credit reports as part of the risk monitoring process was reasonable in light Direct Air's good processing record and the fact that the risk exposure was understood to be mitigated by all customer payments being held in escrow until the customer received the services for which they paid.

- Contrary to the opinions of Carlo and Cloninger, Merrick's risk monitoring policies and procedures did not require Merrick to monitor the escrow balances at VNB. Merrick's risk monitoring does not require monitoring its merchants' depository or escrow banks to ensure that they are doing their job.

Merrick reserves the right to supplement or amend this disclosure as necessary and appropriate.

Dated: New York, New York
       June 15, 2016

                        SATTERLEE STEPHENS BURKE & BURKE LLP

                        /s/ Daniel G. Gurfein
                        Walter A. Saurack
                        Daniel G. Gurfein
                        James Regan
                        230 Park Avenue, 11th Floor
                        New York, NY 10169
                        (212) 828-9200
                        *Attorneys for Defendant Merrick Bank Corporation*